UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

vs

Case No. 1:09-cr-67

Weber, J.
Litkovitz, M.J.

ROBERT L. SCHWARTZ,
    Defendant.

**REPORT AND RECOMMENDATION**

**I. Procedural History**

This matter came before the Court on defendant Robert L. Schwartz's objections to garnishment of his property under the Federal Debt Collection Practices Act ("FDCPA") and request for a hearing. (Doc. 67). The undersigned held a hearing on Schwartz's objections on January 5, 2011.

Plaintiff United States of America ("United States") filed an Application for a Writ of Continuing Garnishment on October 14, 2010, pursuant to 28 U.S.C. § 3205(b)(1). (Doc. 59). The United States seeks to garnish property in the possession of Foundation Bank ("the Bank") to satisfy a criminal judgment ("Judgment") obtained against Schwartz on two counts: (1) mail fraud and (2) filing a false tax return with the Internal Revenue Service ("IRS"). (Doc. 43). Schwartz was ordered to pay a $200.00 special assessment, a $10,000.00 fine, and restitution in the amount of $3,227,686.12 in accordance with the Mandatory Victim Restitution Act (MVRA), 18 U.S.C. § 3663A. The restitution was to be paid as follows: $2,292,469 to the organization

Schwartz had defrauded (Hadassah, The Women's Zionist Organization of America, Inc.)[1] and $935,217.12 to the Internal Revenue Service (IRS). (*Id.*). The Judgment includes a schedule of payments which provides that restitution in the amount of $2,292,469 shall be due immediately and restitution of $935,217.12 to the IRS shall be due upon Schwartz's release to supervision. The schedule further provides that a lump sum payment of $200.00 is due immediately with the balance of the criminal monetary penalties to be paid in accordance with ¶ F of the schedule, "Special instructions regarding the payment of criminal monetary penalties." Paragraph F provides in relevant part:

> If the defendant, while incarcerated, is working in a non-UNICOR or grade 5 UNICOR job, the defendant shall pay $25.00 per quarter toward defendant's monetary obligation. If working in a grade 1-4 UNICOR job, defendant shall pay 50% of defendant's monthly pay toward defendant's monetary obligation. Any change in this schedule shall be made only by order of this Court.
>
> After the defendant is released from imprisonment, and within 30 days of the commencement of the term of supervised release, the probation officer shall recommend a revised payment schedule to the Court to satisfy any unpaid balance of the monetary penalty. The Court will enter an order establishing a schedule of payments.

The schedule further states:

> Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.

The schedule further requires Schwartz to forfeit $2,492,469.00 to the United States in currency, for which a money judgment was granted.

The District Judge granted the Application for a Writ of Continuing Garnishment on

---

[1] The plea agreement provided for the payment of $2,492,469 in restitution to Hassadah, but Schwartz had paid $200,000.00 of the amount prior to his sentencing.

2

October 18, 2010, finding that it met the requirements of 28 U.S.C. § 3205. (Doc. 60). The Clerk issued a Notice of Garnishment on October 20, 2010. (Doc. 64). On November 5, 2010, the Bank filed an Answer to the Writ. (Doc. 65). The Bank listed two IRA accounts owned by Schwartz which it has in its possession with an approximate value of $1,352.45 and $47,840.78. The Bank claimed that the accounts may be exempt from garnishment pursuant to Ohio Rev. Code § 2329.66(A)(10)(C) and stated that the accounts would be placed on hold until further order of the Court.

Schwartz, who is incarcerated, objected to the garnishment and requested a hearing pursuant to 28 U.S.C. § 3205(c)(5), as well as sufficient time to conduct discovery relevant to the writ. (Doc. 67). He claims the property is exempt from garnishment under the following provisions:

1. Ohio Rev. Code § 2329.66(A)(10)(c)
2. Ohio Rev. Code § 2329.66(A)(17)
3. 11 U.S.C. § 522(b)(2) and (d)(12)
4. 11 U.S.C. § 522(b)(3)(A)
5. 11 U.S.C. § 522(b)(3)(C)
6. 29 U.S.C. § 1056(d)(1)
7. I.R.C. § 401(a)(13)

He also noted that the $200.00 assessment included in the garnishment has been paid. The District Judge subsequently referred the case to the undersigned to hear the objections to the Writ of Continuing Garnishment. (Doc. 68).

On December 15, 2010, the United States filed its reply to Schwartz's objections to its Application for a Writ of Continuing Garnishment. (Doc. 70). The United States contends that the sole issue before the Court is the validity of Schwartz's claims for an exemption from garnishment. The United States argues that the only exemptions applicable to the collection of

3

criminal restitution and fines under Federal law are those provided in the Internal Revenue Code (I.R.C.), 18 U.S.C. § 3613(a),(f), and these exemptions do not include retirement accounts such as IRAs.

In response, Schwartz presents two primary challenges to the garnishment. (Doc. 72). First, Schwartz contends that the United States may not seek to collect at this time any portion of the restitution ordered. Schwartz alleges that the Judgment, by its terms, precludes the United States from seeking to collect restitution for either Hassadah or the IRS until after his release from prison. He argues that the restitution can be paid during his incarceration only pursuant to the schedule of payments set forth in the Judgment, and the fine cannot be collected until after the restitution is paid. It necessarily follows, Schwartz claims, that the United States is thus seeking to enforce the money judgment, i.e., the forfeiture portion of the Judgment, which it cannot do through garnishment proceedings. Schwartz claims that his position is bolstered by (1) discussions between the District Judge and counsel during the sentencing proceedings which purportedly demonstrate the property being forfeited was to be given to Hassadah and credited against the restitution amount (Doc. 53, pp. 21-25); and (2) the government's notice to Schwartz in the Clerk's Notice of Garnishment (Doc. 64) of available exemptions he could claim which, according to case law, are not available for restitution, thereby supporting an inference that the United States is seeking to enforce something other than the restitution order. Schwartz contends that it would be unfair to allow the United States to change its position at this juncture and claim it is attempting to garnish his assets to satisfy the restitution order.

Second, insofar as the United States seeks to collect the money judgment (i.e., the

forfeiture portion of the Judgment), Schwartz argues that the claimed exemptions apply to the IRAs under State and Federal Law. Schwartz contends that the exemptions applicable to a forfeiture order are broader than those that apply to an order of restitution. He specifically claims that the anti-alienation provision of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1056(d)(1), which requires that a pension plan prohibit the assignment or alienation of benefits provided under the plan, precludes the garnishment of the IRAs. Schwartz contends that the United States does not dispute that the claimed exemptions apply to a money judgment as opposed to an order of restitution.

In reply to Schwartz's response, the United States contends that the garnishment action does not seek to collect the forfeiture judgment; there is no bar to garnishing the IRAs because the Court ordered payment of restitution to Hassadah "immediately"; the establishment of a payment plan does not bar the United States from enforcing the restitution order as to all assets of Schwartz; and Schwartz has not established a right to the claimed exemptions. (Doc. 73). The United States cites several cases from other districts in support of its position that the UNICOR payment schedule does not preclude it from garnishing Schwartz's assets while he is incarcerated in order to satisfy his restitution obligation to Hassadah. The United States also disputes that the Clerk's Notice of Garnishment permits an inference that any exemption set forth in the notice applies to specific property owned by Schwartz.

## II. Sentencing and Enforcement Procedures

The MVRA requires the sentencing court to order a defendant convicted of certain offenses to make restitution to the victim in the full amount of the victim's losses, without consideration of the defendant's economic circumstances. 18 U.S.C. § 3663A. Section

3663A(d) mandates that an order of restitution comply with the requirements of § 3664. Among the requirements of § 3664 is that the court specify in the restitution order the manner and schedule according to which the restitution is to be paid. *Id.*

The United States Attorney is responsible for the collection of criminal monetary penalties. 18 U.S.C. § 3612(c). Pursuant to 18 U.S.C. § 3664(m)(1)(A)(i), the United States may enforce a restitution order (i) under various specified provisions, including subchapter B of chapter 29, which is located at 18 U.S.C. § 3613, or (ii) "by all other available and reasonable means." Title U.S.C. § 3613 provides that the United States may enforce a judgment imposing a criminal fine or order of restitution "against all property or rights to property of the person" subject to the fine or order "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." The only exception is that property exempt from levy for taxes pursuant to § 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the IRS is likewise exempt from enforcement of a judgment under Federal law. *Id.* Such property includes wearing apparel, school books, fuel, provisions, furniture, personal effects, tools of a trade, unemployment benefits, workers compensation benefits, and other benefits for specified groups. 26 U.S.C. § 6334.

Among the means available to the United States for enforcing criminal monetary penalties are the procedures of the FDCPA, which include garnishment procedures. 28 U.S.C. § 3205. In order to satisfy a judgment against the debtor, § 3205(a) allows a court to issue a writ of garnishment for property in the possession of a person other than the debtor in which the debtor has a substantial nonexempt interest. § 3205(a). A judgment debtor who objects to the garnishee's answer to the writ must state the grounds for the objection, which the judgment

debtor has the burden of proving. § 3205(c)(5).

### III. Resolution

In resolving the issues of whether the United States can seek to collect the restitution owed to Hassadah during Schwartz's incarceration and whether Schwartz can claim an exemption for the IRAs, the Court finds persuasive the reasoning of another District Court in the Sixth Circuit, *U.S. v. Miller,* 588 F.Supp.2d 789 (W.D. Mich. 2008). The sentencing judge in *Miller* had ordered the criminal defendant to pay restitution. *Id.* at 791. The judgment included a schedule requiring a lump sum payment of $200.00 immediately and then equal quarterly installments of $25.00 during the defendant's incarceration. *Id.* at 791-92. The Court held that ERISA's anti-alienation provision did not preclude the government from garnishing the defendant's pension benefits in order to enforce the restitution order. Following the lead of several other federal courts, the Court determined that the MVRA constitutes a Congressional exception to the anti-alienation provision in the context of enforcement of a criminal restitution order. *Id.* at 795-96 (citing *United States v. James*, 312 F. Supp.2d 802, 805 (E.D. Va. 2004); *United States v. Novak*, 476 F.3d 1041, 1053-64 (9th Cir. 2007) (en banc); *United States v. First Bank & Trust East Texas*, 477 F. Supp.2d 777, 781 (E.D. Tex. 2007) (collecting cases); *United States v. Irving*, 452 F.3d 110, 126 (2d Cir. 2006) (considering criminal fine); *United States v. Wahlen*, 459 F.Supp.2d 800, 822 (E.D. Wis. 2006); *United States v. Tyson*, 242 F. Supp.2d 469, 474 (E.D. Mich. 2003)). The Court reasoned that Congress was free to prioritize promoting efforts to make crime victims whole. *Id.* at 796. To that end, Congress made clear in § 3613 that fines ("and through § 3664(m)(1)(A) orders of restitution as well") may be enforced against all property or property rights of a defendant, listing only three exceptions which do not include

ERISA pension benefits. *Id.*

The *Miller* Court further held that the periodic payment provision in the judgment before it did not prohibit the garnishment. *Id.* at 796-97. The Court placed specific reliance on the decision in *United States v. Ekong*, 518 F.3d 285 (5th Cir. 2007), where the Fifth Circuit found such a payment schedule did not bar garnishment based on the following rationale:

> The [MVRA] provides the Government authority to enforce victim restitution orders in the same manner that it recovers fines and by all other available means and, under 18 U.S.C. §3613(a), it may collect restitution in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law, including the [FDCPA]. The attorney general is required by the MVRA to enforce victim restitution orders aggressively. There is nothing in the criminal judgment to the contrary.

*Id.* at 286 (internal citations and quotations omitted). Agreeing with the many cases cited in its decision, the *Miller* court concluded that nothing in the judgment at issue prohibited the garnishment before it, and the MVRA specifically allowed it. *Id.* at 797.

Similarly, nothing in the Judgment in the instant case precludes the United States Attorney from seeking to enforce the restitution order during Schwartz's incarceration with respect to the amount owed to Hassadah. The Judgment makes restitution to Hassadah "due immediately." The MVRA authorizes the government to enforce the restitution order under 18 U.S.C. § 3613 or "by all other available and reasonable means." 18 U.S.C. § 3664(m)(1)(A). The FDCPA is an "available and reasonable means" of enforcing the judgment. *See Miller,* 588 F. Supp.2d at 797. *See also United States v. Hosking*, 567 F.3d 329, 334-35 (7th Cir. 2009). For the reasons discussed in *Miller*, the UNICOR payment schedule does not prohibit garnishment during Schwartz's incarceration.

The Court has examined the pages of the transcript Schwartz cites in support of his

8

argument that the sum representing the money judgment is to be given to Hassadah and credited against the restitution amount. The cited pages do not establish that the United States is attempting to garnish the IRAs to satisfy the money judgment rather than to pay the restitution due to Hassadah. Nor is it reasonable for Schwartz to infer from the "Clerk's Notice of Garnishment" (Doc. 64) that the United States is seeking to enforce the money judgment by the garnishment. The Clerk's notice appears to be a form notice, which advised Schwartz that "there are exemptions under the law which "*may*" protect some of the property from being taken by the Government "*if Robert Schwartz can show that the exemptions apply*." (emphasis added). It also includes an exemption form summarizing the major exemptions applicable to most situations in the State of Ohio. The notice clearly is not a representation by the United States that the debtor being notified is actually entitled to any of the exemptions listed on the notice. In any event, assuming Schwartz claimed certain exemptions based on his belief that the United States was seeking to garnish the IRAs to enforce the money judgment rendered against him, he has since been placed on notice that the United States is seeking to enforce the restitution order, and he has had a full and fair opportunity to be heard on his objections to garnishment of the IRAs for that purpose.

Finally, Schwartz has not carried his burden to show that he is entitled to any of the exemptions he claims. Schwartz is limited to the exemptions listed in 18 U.S.C. § 3613, and he has not demonstrated that any of those exemptions apply in this case. Although the Clerk's notice states that an individual debtor may elect to exempt property pursuant to 28 U.S.C. § 3014, that statute does not apply to enforcement of an order of restitution under Federal law. 28 U.S.C. § 3613. Accordingly, the Court finds that the assets held by Foundation Bank are subject to

garnishment. The United States should be permitted to garnish those assets to enforce the restitution order as to Hassadah.

For these reasons, it is hereby RECOMMENDED that the objections of defendant Robert Schwartz to the government's Application for Writ of Continuing Garnishment (Doc. 67) be OVERRULED and that the writ be enforced.

Date: 1/14/2011

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

vs

ROBERT L. SCHWARTZ,
    Defendant.

Case No. 1:09-cr-67

Weber, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

11