# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 1:09-cr-067
                                                  Also Case No. 1:13-cv-450

                                                  Chief Judge Susan J. Dlott
-  vs  -                                    Magistrate Judge Michael R. Merz

ROBERT L. SCHWARTZ,

                Defendant.      :

## REPORT AND RECOMMENDATIONS

This case under 28 U.S.C. § 2255 is before the Court on Defendant Schwartz's Motion to Reconsider (Doc. No. 111[1]).  Chief Judge Dlott has referred the matter to the undersigned after the case was reassigned to her (Doc. Nos. 112, 113).

Although docketed as a Motion to Reconsider, the Motion was captioned as made under Fed. R. Civ. P. 59(e) as a motion to alter or amend the judgment.  The Motion was timely made within twenty-eight days of judgment.  As a post-judgment motion, it is deemed referred under 28 U.S.C. § 636(b)(3) and requires a report and recommended disposition from an assigned magistrate judge.

---

[1] Defendant filed an earlier Motion for Reconsideration which the Clerk terminated as duplicative when the present Motion was filed.

1

**Procedural History**

On May 21, 2009, the United States Attorney filed an Information charging Schwartz with one count of defrauding Hadassah Hospital of approximately $2,492,469 in violation of 18 U.S.C. § 1341 and one count of filing a knowingly false personal federal income tax return for 2007 in violation of 26 U.S.C. § 7206(1) (Information, Doc. No. 1). On the same day the Clerk docketed a Plea Agreement signed by Schwartz, his counsel, and Assistant United States Attorney Jennifer Barry (Doc. No. 2). Schwartz agreed to plead guilty to both Counts and also agreed to a Statement of Facts attached to the Plea Agreement in support of his conviction. Schwartz actually pled guilty as agreed on June 12, 2009 (Minute Entry, Doc. No. 6). Schwartz was sentenced approximately a year later on June 8, 2010 (Minute Entry, Doc. No. 42). Schwartz appealed the money forfeiture judgment and enforcement of a related writ of garnishment, and the Sixth Circuit affirmed. *United States v. Schwartz*, Case Nos. 10-3773, 11-3523 (6th Cir. Nov. 1, 2012) (unreported, copy at Doc. No. 90).

Schwartz filed his § 2255 Motion *pro se* on June 27, 2013, raising thirteen claims of ineffective assistance of trial counsel (Doc. No. 94). Judge Weber ordered the United States to answer by September 16, 2013, and Defendant to file a reply by October 16, 2013 (Order, Doc. No. 95). The Government sought and received an extension of time to and including December 16, 2013 (Doc. No. 97 and notation order granting). Defendant then moved for a six-month extension of time to reply and for appointment of counsel (Doc. No. 100).which would have made his reply due June 24, 2014. Although it opposed appointment of counsel, the Government did not oppose the extension of time (Doc. No. 101). Nevertheless, Schwartz never filed a reply and Judge Weber entered judgment on the merits December 1, 2014 (Doc. No. 106).

## ANALYSIS

Schwartz's instant Motion reads as if he were arguing his § 2255 Motion *de novo*, i.e., as if Judge Weber had not made a decision. In fact, it appears that the document was prepared as a reply in support of the § 2255 motion, but never filed, despite expiation of almost a year since the Government filed its Answer.  For example, a PageID 936, Schwartz writes "[a]ttached to this Reply . . ."  He again uses the phrase "this Reply" at PageID 938, 940, and 964.

A motion under Fed. R. Civ. P.  59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted). Thus, parties should not use such a motion to raise arguments which could and should have been made before judgment issued. *Id.* Motions under Rule 59(e) must establish either a manifest error of law or must present newly discovered evidence.  *Id.*

In the body of his Motion, Schwartz nowhere makes any reference to either the factual findings in Judge Weber's decision or to the legal conclusions reached there.  Instead, he merely reargues his claims of ineffective assistance of trial counsel.

Nor does Schwartz present any evidence which he has newly discovered since Judge Weber's ruling.  The attached exhibits are a June 3, 2013, probate court filing (Ex. A, PageID 965-67), a September 22, 2014, letter (Ex. B, PageID 968), a December 3, 2012, letter (Ex. C, PageID 969-70), and an Affidavit of Attorney Michael W. Carey dated June 13, 2014, and apparently prepared for filing in a legal malpractice action Schwartz brought against attorney James Fleisher in the Hamilton County Common Pleas Court (Ex. D., PageID 971-72).  All of these pieces of evidence pre-date Judge Weber's decision and are plainly not "newly discovered" by Schwartz.

In sum, Schwartz has shown neither manifest error of law in the judgment nor any newly discovered evidence. Accordingly, his Motion for Reconsideration under Fed. R. Civ. P. 59(e) should be DENIED. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

December 23, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).