**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

UNITED STATES OF AMERICA,

                Plaintiff,        :        Case No. 1:09-cr-067
                                                     Also Case No. 1:13-cv-450

                                                     District Judge Susan J. Dlott
   -  vs  -                                        Magistrate Judge Michael R. Merz

ROBERT L. SCHWARTZ,

                Defendant.       :

---

**SUPPLEMENTAL REPORT AND RECOMMENDATIONS**

---

       This case under 28 U.S.C. § 2255 is before the Court on Defendant Schwartz's Objections (Doc. No. 116) to the Magistrate Judge's Report and Recommendations (the "Report," Doc. No. 114) recommending denial of Schwartz's Motion to Reconsider (Doc. No. 111). District Judge Dlott has recommitted the matter to the undersigned for a supplemental report (Doc. No. 117).

       The Report analyzed the Motion as made under Fed. R. Civ. P. 59(e) – a motion to amend or alter the judgment – because it was timely if characterized that way and because the Federal Rules of Civil Procedure do not provide for motions for reconsideration. Schwartz does not object to that characterization. The Report noted the standard for a motion under Fed. R. Civ. P. 59(e) adopted by the Sixth Circuit in *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted): A Rule 59 motion is not an

1

opportunity to reargue a case. Thus, parties should not use such a motion to raise arguments which could and should have been made before judgment issued. *Id.* Motions under Rule 59(e) must establish either a manifest error of law or must present newly discovered evidence. *Id.*

Schwartz does not object to this standard, but he asks the Court not to apply it. He concedes, as the Report surmised, that the document filed as the Motion to Reconsider was in fact drafted as his reply to the Government's Answer, but never filed (Objections, Doc. No. 117, PageID 982). Schwartz asks the Court to treat his Motion to Reconsider as if it were a timely reply.

**Objection 1. "SCHWARTZ WAS NOT OUT OF TIME TO FILE A REPLY, WHILE HE WAS AWAITING A DECISION ON MOTIONS FOR APPOINTMENT OF COUNSEL AND TIME TO REPLY." (Doc. No. 116, PageID 982.)**

Schwartz begins by arguing that he was "not out of time" to file a reply. *Id.* at PageID 982-83. That claim is belied by the record. On July 15, 2013, District Judge Herman Weber, to whom the case was then assigned, ordered the United States to respond to Schwartz's § 2255 Motion by September 16, 2013, and Schwartz to file his reply by October 16, 2013 (Order, Doc. No. 95, PageID 736.) The Government sought and received a sixty-day extension of its time to answer (Doc. No. 97 and notation order granting). It then filed its Answer within the extended time (Doc. No. 99).

Within ten days of the Answer, Schwartz filed to request a 180-day extension, noting that he had only been given thirty days in the first instance (Doc. No. 100). Had that request been granted, his time would have expired June 24, 2014. The United States agreed to the extension (Doc. No. 101). Although he did not expressly grant the Motion, Judge Weber waited to decide the case until almost a year after the Government filed its Answer (12/16/2013 – 12/1/2014). At

2

no time did Schwartz tell the Court he needed more time than the 180 days he had requested. Even now, he does not tell the Court when the reply was drafted or why it was not filed when it was ready.

The only legal basis on which the Court could accept Schwartz's post-judgment motion to reconsider as if it were his pre-judgment reply would be to accept his argument that he "was not out of time to file a reply, while he was awaiting a decision on motions for appointment of counsel and time to reply." (Objections, Doc. No. 116, PageID 982).  This would be in effect to grant him relief from judgment under Fed. R. Civ. P. 60(b)(1) for surprise or excusable neglect. But at the time of his conviction, he had been a practicing lawyer for almost forty years (Doc. No. 106, PageID 862).  Anyone who has practiced law more than six months knows that a lawyer cannot treat a deadline as if it had been extended when no extension has been granted.  It simply does not count as excusable neglect to fail to file a pleading for almost a year without formal permission to wait that long.

**Objection 2. "THERE WAS NEW EVIDENCE IN THE MOTION TO RECONSIDER."
(Doc. No. 116, PageID 983.)**

The Report applies the standard for Rule 59(e) motions adopted by the Sixth Circuit.  It concludes that "Schwartz has shown neither manifest error of law in the judgment nor any newly discovered evidence."  (Report, Doc. No. 115, PageID 978.)  Schwartz does not object to the finding he had not shown a manifest error of law in Judge Weber's decision, but he does argue that "[t]here was new evidence in the Motion to Reconsider."  That misses the point.  "To constitute 'newly discovered evidence,' the evidence must have been previously unavailable." *Gencorp., Inc., v. American Int'l Underwriters,* 178 F. 3d 804, 834 (6th Cir. 1999), citing *School*

*Dist. Np. 1J v. ACandS*, 5 F.3d 1255, 1263 (6th Cir. 1993); *Javetz v. Board of Control,Grand Valley State Univ*. 903 F. Supp. 1181, 1191 (W.D. Mich. 1995)(and cases cited therein); 11 Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2810.1 at 127-28 (2nd ed. 1995).  The evidence adverted to in the Motion for Reconsideration was, by Schwartz's admission, available to him before judgment but never filed.  That is, it may have been discovered after the underlying criminal judgment, but not after the judgment of December 1, 2014, denying the § 2255 motion.

**Objection 3. "THE COURT HAS QUOTED SELF-INCRIMINATING STATEMENTS OF SCHWARTZ, WHICH HE RECITED AT THE INSISTENCE OF HIS COUNSEL, BUT WHICH ARE FALSE AND ARE THE BASIS OF HIS CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL, CONSTITUTING CONSTITUTIONAL VIOLATIONS." (Doc. No. 116, PageID 986)**

In his Third Objection, Schwartz complains that his admissions at the plea colloquy hearing are being held against him, although he now says he perjured himself at that hearing, under instructions from his lawyer.

The Report to which these Objections are supposedly directed is the Magistrate Judge's recommendation to deny the Rule 59(e) Motion.  That Report, Doc. No. 114, contains no such recitations.  Judge Weber's Order does quote at length from the plea colloquy (Doc. No. 106, PageID 844-49).  Judge Weber also considered at length the law applicable to repudiation of statements made under oath in a plea colloquy.  *Id.*  at PageID 860-62.  He found,

> At the outset, the Court notes that movant Mr. Schwartz was a practicing lawyer for approximately forty years. Even accepting his assertion that he was not familiar with criminal law, it is probable that he appreciated the legal significance of a waiver and the seriousness of statements made under oath.

4

*Id.* at PageID 862.  Schwartz has not suggested any mistake of law made by Judge Weber which would justify amending the judgment.  That law includes the proposition that a criminal defendant will be bound by his statements made under oath in a plea colloquy and will not be given an opportunity to later prove he perjured himself.  Those standards apply to "civilian" defendants who usually have far less education and life experience than an attorney forty years in practice.  And as proof that he perjured himself on bad advice, he offers only his own word as to the receipt of that advice, entirely without corroboration.

**Objection 4. THE COURT STATED THAT HAD COUNSEL NOT BEEN ABLE TO NEGOTIATE A PLEA AGREEMENT ALLOWING A 3 POINT REDUCTION FOR ACCEPTANCE OF RESPONSIBILITY, SCHWARTZ WOULD HAVE FACED A HIGHER GUIDELINE RANGE. HOWEVER, FALSE ACCEPTANCE OF RESPONSIBILITY FACTS AND CIRCUMSTANCES THAT IN FACT DO NOT EXIST IS A CONCERN THAT WOULD REQUIRE A HEARING.**

This Objection is without merit for the same reason as Objection 3.

**Objection 5.  THE CASE IS NOT RE-ARGUED, AS THE MAGISTRATE STATES. SCHWARTZ HAS DEFINED HIS POSITION WITH ADDITIONAL EVIDENCE THAT IS INTERRELATED WITH THAT WHICH WAS PREVIOUSLY PRESENTED.**

This Objection assumes it was proper for Schwarz to relabel his unfiled reply as a post-judgment motion for reconsideration and receive the same treatment as if he had filed it timely and pre-judgment.  This objection is without merit for the reasons given above as to Objection 1.

**Objection 6. THE MAGISTRATE STATES THAT THERE IS NO CONSTITUTIONAL RIGHT TO POSTCONVICTION REMEDIES. THE LAW AS APPLIED TO THIS CASE DOES NOT SUPPORT THAT CONCLUSION.**

Schwartz does not support this Objection with any citation to the Report nor can the Magistrate Judge find any place in the Report where he made the statement. The statement is nonetheless accurate and Schwartz cites no authority to the contrary.

**Objection 7. A CERTIFICATE OF APPEAL SHOULD BE PERMITTED.**

The Report recommends that Schwartz not be granted a certificate of appealability on his Fed. R. Civ. P. 59(e) Motion. In his Objections, Schwartz recites the general standard for a certificate of appealability, but does not apply it to show how the Magistrate Judge's conclusions on the Rule 59 motion would be debatable among reasonable jurists.

As to whether Schwartz should be granted a certificate of appealability as to Judge Weber's adjudication of the merits of the § 2255 Motion, that issue is not yet before the Court. Schwartz should move separately for such a certificate if he appeals.

**Conclusion**

Having reconsidered the matter in light of the Objections, the Magistrate Judge again respectfully recommends the Motion for Reconsideration be denied. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

January 9, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).